UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil No. 11-3147 (PJS/JJG)

SHANNON D. HOLLIE,

             Petitioner,

   v.

**REPORT AND RECOMMENDATION**

LUCINDA JESSON, Commissioner of
Dept. of Human Services, and
DENNIS BENSON, Executive Director of
Minnesota Sex Offender Program,

             Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.)  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

      Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## I. BACKGROUND[2]

In 1989, multiple criminal charges were filed against Petitioner in the state district court for Hennepin County, Minnesota.  He pled guilty to second degree criminal sexual

---

[2] Petitioner's current habeas corpus petition presents some relevant background information about this case, but that information is incomplete, and quite confusing in many respects.  More clear and complete background information is provided in an unpublished "Order Opinion" that was entered by the Minnesota Court of Appeals in a recent state court action brought by Petitioner.  A copy of that "Order Opinion" is attached below as Exhibit A.

conduct and third degree criminal sexual conduct, and he was sentenced to 30 months in prison.   According to Petitioner, his sentence in his 1989 case did not include a conditional release term, "because the law was not enacted until 1993." (Petition, p. 1, § 3.)

Sometime after the expiration of Petitioner's 30-month sentence in his 1989 case, he was accused of several new state criminal offenses in connection with a 1993 stabbing incident.[3]   In that case, a jury found Petitioner guilty of one count of first degree attempted murder.   In September 1993, he was sentenced to 240 months in state prison, plus a ten-year conditional release term.

Petitioner challenged his 1993 conviction and sentence in a direct appeal, and in four state court post-conviction proceedings brought in 2002, 2006, 2007, and 2010.   All of those state court proceedings were unsuccessful.

In Petitioner's latest state post-conviction proceeding, which was initiated in 2010, he challenged the ten-year conditional release term that was part of his sentence for his 1993 attempted murder conviction.   He claimed that the conditional release term should be vacated because (1) it violated the ex post facto clause of the federal Constitution, and (2) he was deprived of his constitutional right to effective assistance of

---

[3]   The horrifying details of this stabbing are described in a Report and Recommendation filed in a previous habeas corpus case in this District.   See Hollie v. Pawlenty, Civil No. 03-2905 (ADM/RLE), Report and Recommendation dated December 22, 2003, [Docket No. 7], pp. 2-3.   Petitioner stabbed a man in the chest while he was sleeping, and after the man managed to escape by jumping through a window, Petitioner found him and proceeded to kick him, throw him down a flight of stairs, and stab him in the back many more times.   The victim was stabbed a total of 41 times, but survived the attack.

counsel.  The Minnesota state courts, (both the trial court and the Minnesota Court of Appeals), determined that the claims raised in Petitioner's 2010 post-conviction motion could have been raised in his direct appeal following his 1993 conviction, or in his earlier post-conviction motions.  Therefore, the claims raised in the 2010 post-conviction motion were held to be procedurally defaulted, and all of those claims were summarily denied.[4]    In April 2003, Petitioner filed a federal habeas corpus petition in this District, which raised several challenges to his 1993 state court conviction and sentence.  Hollie v. Pawlenty, Civil No. 03-2905 (ADM/RLE), [hereafter "Hollie I"].  That case was summarily dismissed, with prejudice, because it was barred by the one-year statute of limitations that applies to federal habeas corpus petitions.  (See 28 U.S.C. § 2244(d).)

In 2006, the State of Minnesota initiated civil commitment proceedings against Petitioner.  He was found to be a "Sexually Dangerous Person" and a "Sexual Psychopathic Personality" under Minnesota law, and he was civilly committed for an indeterminate term.  See In re Civil Commitment of Hollie, No. A09-579 (Minn.App. 2009), 2009 WL 2596071 (unpublished opinion), rev. denied, Oct. 28, 2009.  Petitioner is currently being detained at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota.

Petitioner filed his present federal habeas corpus petition on October 25, 2011. The petition indicates that Petitioner is attempting to challenge his 1989 criminal sexual

---

[4]  The Minnesota Court of Appeals' "Order Opinion" in Petitioner's 2010 post-conviction motion is attached below as Exhibit A.

conduct conviction, and the 30-month prison sentence that he received as a result of that conviction.  (See Petition, p. 1, §§ 1-5.)  However, the petition also includes numerous references to the ten-year term of conditional release that was part of Petitioner's 1993 sentence for his attempted murder conviction.  Because it is not entirely clear whether Petitioner is attempting to challenge his 1989 conviction and sentence, or his 1993 conviction and sentence, the Court has considered both possibilities.  For the reasons discussed below, the Court finds that Petitioner cannot challenge either the 1989 case or the 1993 case in the present habeas corpus petition.[5]

## II. DISCUSSION

### A. The 1989 Case

After Petitioner pled guilty to criminal sexual conduct in his 1989 state court case, he was sentenced to 30 months in prison.  That 30-month sentence must have expired sometime in 1991 or 1992, and the current petition confirms that the sentence in the 1989 case had indeed "expired" before Petitioner was sentenced in his 1993 case.

---

[5]  The named Respondents in this case – Lucinda Jesson, the Commissioner of the Minnesota Department of Human Services, and Dennis Benson, the Executive Director of MSOP – are Petitioner's current custodians at MSOP.  However, nothing in the current petition suggests that Petitioner is presently challenging the judgment entered in his civil commitment case.  Petitioner apparently named Jesson and Benson as Respondents, because the petition form indicated that the named respondent should be the "authorized person having custody of petitioner."  (See Petition, p. 1.)

Although it is clear that Petitioner is not presently challenging his civil commitment, it is very difficult to discern which of his two state criminal cases he is attempting to challenge.  As noted in the text, the first page of the petition refers only to the 1989 case, but other parts of the petition seem to indicate (quite explicitly) that Petitioner is challenging ten-year conditional release term that was imposed in the 1993 case.  Because of the confusion that permeates the current petition, the Court has found it most propitious to consider both of Petitioner's prior state criminal cases.

(See Petition, p. 4; § 11(d), p. 7 "Conclusion.")   Because Petitioner's sentence in his 1989 case has fully expired, he is no longer in custody pursuant to that sentence. Therefore, Petitioner's 1989 case is no longer reviewable in a federal habeas corpus proceeding.

Federal law requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam), citing 28 U.S.C. § 2254(a).   The "in custody" requirement is a jurisdictional requirement.   Id. at 490.   If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging, as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction.   See Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995).

In this case, Petitioner is no longer serving the sentence imposed in his 1989 criminal case, and he is no longer "in custody" pursuant to that sentence.   Petitioner must have completed his 30-month sentence in that case nearly twenty years ago, and his petition shows that his 30-month sentence had "expired" by 1993.   Thus, the Court finds that when Petitioner commenced this action he was no longer "in custody" for his 1989 criminal conviction and sentence.   See Maleng, 490 U.S. at 491 ("[w]e have never held... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed")

(emphasis in the original).

The Court recognizes that Petitioner's 1989 case might have continued to have some "collateral consequences" even after his sentence in that case was fully served and expired.  Most notably, Petitioner's 1989 conviction and sentence might have affected the sentence that he received in his 1993 case, and it might have affected his 2006 civil commitment proceedings.  However, it is well-settled that such collateral consequences alone do not satisfy the statutory "in custody" requirement of the federal habeas corpus statute.

The Supreme Court clearly stated in Maleng that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  490 U.S. at 492.  Therefore, even though Petitioner might still be experiencing some adverse consequences from his 1989 conviction and sentence, (i.e., the ten-year conditional release term in his 1993 case, and his 2006 civil commitment), those collateral consequences do not cause him to currently be "in custody" for his 1989 case for purposes of § 2254(a).[6]

---

[6] In Maleng, the Court explained that --

"In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction.  We think that this interpretation stretches the language 'in custody' too far."

490 U.S. at 491.

7

In sum, Petitioner cannot challenge his 1989 state criminal case in the present federal habeas corpus proceeding, because his sentence in that case expired long ago, and he was not "in custody" for that sentence when he filed this action.  Because the mandatory "in custody" requirement is not satisfied, any habeas corpus challenges to Petitioner's 1989 state criminal case must be summarily dismissed for lack of jurisdiction.  Love v. Tippy, 128 F.3d 1258, 1258 (8th Cir. 1997) (per curiam); Charlton, 53 F.3d at 929.

B.  The 1993 Case

If Petitioner has not yet completed the ten-year conditional release term that was imposed in his 1993 criminal case, then, for federal habeas purposes, he is still considered to be "in custody" for that case.  See Jones v. Cunningham, 371 U.S. 236 (1963) (a criminal defendant who has been released from prison, but remains subject to the restrictions of parole, or other comparable restrictions, is considered to be "in custody" for habeas purposes).  For now, the Court will assume that Petitioner's ten-year conditional release term has not yet fully expired, and that he is therefore still "in custody" for his 1993 conviction and sentence.  Furthermore, with the benefit of that assumption, (i.e., that Petitioner's ten-year conditional release term has not yet expired), the "in custody" requirement is satisfied for the 1993 case, even if Petitioner is challenging the use of the 1989 case to enhance his 1993 sentence.  Maleng, 490 U.S. at 493; Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02 (2001).[7]

_____

[7]   In Maleng and Coss, the Supreme Court considered whether a habeas petitioner can challenge a sentence enhancement resulting from a prior criminal

However, even though Petitioner might be able to satisfy the "in custody" requirement for his 1993 case, that case is not reviewable here because of a different procedural bar – namely the rule restricting second or successive habeas corpus petitions, which is set forth at 28 U.S.C. § 2244(b).[8]   That rule prohibits a district court

conviction.  In both cases, the Court held that the petitioner satisfied the "in custody" requirement for the latter conviction resulting in the enhanced sentence, and the latter conviction and enhanced sentence were therefore subject to federal habeas review. Based on <u>Maleng</u> and <u>Coss</u>, the Court finds that Petitioner satisfies the "in custody" requirement for his 1993 case – even if he is only challenging the use of his 1989 conviction to enhance his 1993 sentence.

[8]  28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)**  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)**  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined

from entertaining a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition.  28 U.S.C. § 2244(b)(3)(A).  <u>See</u> <u>Cox v. Norris</u>, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

The petition now before this Court is Petitioner's second application for federal habeas corpus review of his 1993 state criminal case.  Because Petitioner's prior federal habeas case, <u>Hollie I</u>, was dismissed <u>with prejudice</u>, the present action must be viewed as a "second or successive petition" for purposes of § 2244(b), which means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals.  <u>See Burton v. Stewart</u>, 549 U.S. 147, 153, (2007) (where habeas petitioner previously "brought claims contesting the same custody imposed by

---

by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current challenges to his 1993 state court conviction and sentence must be summarily dismissed for lack of jurisdiction.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).  See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 129 S.Ct. 1305 (2009).

To obtain a pre-authorization order for any new challenges to the 1993 conviction and sentence, Petitioner will have to persuade the Eighth Circuit Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2).  (See n. 8, supra.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed only for lack of jurisdiction, (not on the merits), which will allow Petitioner to resubmit his habeas challenges to his 1993 conviction and sentence in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).

Petitioner should carefully note, however, that <u>this District Court will not entertain any</u> <u>future habeas corpus petition pertaining to his 1993 state court criminal conviction and</u> <u>sentence, unless the petition is accompanied by a pre-authorization order from the</u> <u>Eighth Circuit Court of Appeals, as required by § 2244(b)</u>.[9]

## III.  CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed for lack of jurisdiction.  To the extent that Petitioner is attempting to directly challenge his 1989 state court conviction and sentence, our District Court lacks jurisdiction to consider his claims, because he is no longer "in custody" for that conviction and sentence.  To the extent that Petitioner is attempting to challenge his 1993 conviction and sentence, our District Court lacks jurisdiction, because this is Petitioner's second application for federal habeas review of that case, (the first being <u>Hollie I</u>), and that case is no longer reviewable in a federal habeas corpus proceeding, unless Petitioner is able to secure a pre-authorization order from the Eighth Circuit Court of Appeals.

Finally, the Court notes that Petitioner has applied for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will

---

[9]   Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the <u>timeliness</u> of the present petition will not be addressed here.  It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (<u>see</u> 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

recommend that Petitioner's IFP application be summarily denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see</u> <u>also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. Daniel</u>, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application for a writ of habeas corpus, (Docket No. 1), be

**DENIED**;

2.   Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2),

be **DENIED**;

3. This action be **DISMISSED FOR LACK OF JURISDICTION**; and

4.   Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: November  16 , 2011

_s/Jeanne J. Graham_
JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by November 30, 2011. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.

# EXHIBIT A

# EXHIBIT A

**STATE OF MINNESOTA IN COURT OF APPEALS A10-1369**

Shannon Dwayne Hollie,                                    **O R D E R   O P I N I O N**

petitioner, Appellant,

vs.                                                                      Hennepin County District
                                                                          Court File No. 27-CR-93-
State of Minnesota,                                                          32344

Respondent.

Considered and decided by Larkin, Presiding Judge; Klaphake, Judge; and Minge,

Judge.

**BASED ON THE FILE, RECORD, AND PROCEEDINGS, AND BECAUSE:**

Appellant Shannon Dwayne Hollie challenges the postconviction court's

denial of his petition for postconviction relief.  The court summarily denied the petition

because it was untimely under Minn. Stat. § 590.01, subd. 4 (2010), and procedurally

barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

In November 1989, Hollie pleaded guilty and was sentenced to concurrent 30-

month prison terms for second- and third-degree criminal sexual conduct.        In

September 1993, Hollie was sentenced to a 240-month prison term following his

conviction of one count of first-degree attempted murder. Hollie is currently subject to

indeterminate civil commitment as a sexually dangerous person and sexual psychopathic

personality.

16

Although the case caption of Hollie's petition for postconviction relief references his 1989 criminal-sexual-conduct case, his postconviction and appellate submissions indicate that his request for relief primarily pertains to his 1993 attempted-murder conviction. We therefore construe Hollie's petition as a request for relief in the attempted-murder case, as did the postconviction court.

The current petition for postconviction relief is Hollie's sixth request for review of his conviction or sentence in his attempted-murder case. On December 30, 1993, Hollie filed a direct appeal arguing that the evidence was insufficient to sustain his conviction and that the district court erred in admitting *Spreigl* evidence at his trial. *State v. Hollie*, No. C5-93-2584 (Minn. App. Sept. 20, 1994) (order op.), *review denied* (Minn. Jan. 13, 1995). This court affirmed on September 20, 1994. *Id.* On January 13, 1995, the Minnesota Supreme Court denied Hollie's petition for further review. *Id.* On January 23, 2002, Hollie filed his first postconviction petition, asserting an incorrect calculation of his criminal-history score and ineffective assistance of counsel. The postconviction court denied relief. On January 17, 2006, Hollie filed a Petition for a Writ of Mandamus, again alleging incorrect calculation of his criminal-history score. The

17

matter was ultimately treated as a second petition for postconviction relief, and the court

denied relief.  On August 1, 2007, Hollie filed his third petition for postconviction relief,

once again requesting correction of his sentence.  The postconviction court once again

denied relief.

Hollie  filed  his  current  and fourth  petition for  postconviction relief on January

6, 2010.  He again challenges the legality of his sentence, this time asserting that he  is

unlawfully subject to  a  ten-year  conditional-release  term  under  Minn.  Stat. §

609.3455 (2010) (mandating life sentences and conditional release terms for certain

offenders) and predatory-registration requirements under Minn. Stat. § 243.166 (2010)

(mandating registration  requirements for  certain  offenders). He  requests  that his

"Conditional Release term of 10-years be vacated, set aside and a new sentencing hearing

set."  He also asks to withdraw his 1989 guilty plea in his criminal-sexual-conduct case,

asserting that  his  current  sentence  is  due,  in  part,  to  the  ineffective  assistance  of

his  attorney in that case.

A petition for postconviction relief "is a collateral attack on a conviction that

carries a presumption of regularity."  *Hummel v. State*, 617 N.W.2d 561, 563 (Minn.

2000).  A postconviction decision is reviewed for an abuse of discretion.  *Leake v. State*,

737 N.W.2d 531, 535 (Minn. 2007). The postconviction court's factual determinations are upheld if they are supported by sufficient evidence, and issues of law receive de novo review. *Id.* A summary denial of a postconviction petition is reviewed for an abuse of discretion. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).

With certain exceptions, "[n]o petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a). The legislature added this two-year time limit in a 2005 legislative amendment to the postconviction relief statutes. *See* 2005 Minn. Laws ch. 136, art. 14, § 13, at 1097-98. This amendment provided that the filing deadline would go into effect on August 1, 2005, and that "[a]ny person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act to file a petition for postconviction relief." *Id.* at 1098.

Hollie's direct appeal was decided on September 20, 1994, and the Minnesota Supreme Court denied review on January 13, 1995. *State v. Hollie*, No. C593-2584 (Minn. App. Sept. 20, 1994) (order op.), *review denied* (Minn. Jan. 13, 1995). His conviction became final 90 days later. *See* S. Ct. R. 13 (setting the time limit to file a petition for a writ of certiorari in the United States Supreme Court at 90 days from the entry of judgment by a state court of last resort); *Hutchinson v. State*, 679 N.W.2d 160, 162 (Minn. 2004) (holding that a conviction is final for retroactivity purposes where "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or . . . [was] finally denied." (alteration in original) (quotations omitted)). Because his conviction was final before August 1, 2005, Hollie had until July 31, 2007—two years after the effective date of the amending act—to file his petition for postconviction relief. *See* S. Ct. R. 13; *Stewart v.*

*State*, 764 N.W.2d 32, 34 (Minn. 2009); 2005 Minn. Laws ch. 136, art. 14, § 13, at 1098. Hollie filed his current petition for postconviction relief on January 6, 2010, more than two years after the deadline. Unless an exception applies, Hollie's petition must be dismissed as untimely. *See Stewart*, 764 N.W.2d at 34.

There are several statutory exceptions to the time bar:  where a petitioner's

disability prevents a timely petition, where newly discovered scientific evidence clearly

and convincingly establishes innocence, where a change in the law applies to the

petitioner's case, or where "the petition is not frivolous and is in the interests of justice."

Minn. Stat. § 590.01, subd. 4(b).

Hollie's postconviction and appellate submissions reference the "interest of

justice" as a basis for relief.  Hollie's only substantive argument on this issue is that he

did not learn of his conditional-release term and predatory-registration requirements until

recently.  This circumstance is not included in the enumerated exceptions to the statutory

deadline. *See State v. Moua*, 778 N.W.2d 286, 289 (Minn. 2010) (stating that a

petitioner's failure to become aware of the issues "until it was too late" is not a

circumstance within the statutory exceptions).  Moreover, as the postconviction court

correctly found, the record refutes Hollie's recent-discovery argument.  In June 2006, the

Minnesota Department of Corrections provided Hollie with a copy of the Minnesota

Predatory Offender Registration Form, which he refused to sign.  And in October 2006,

Hollie signed a Conditions of Release Form indicating his understanding of all the terms and conditions of his release and certified that he received a copy of the conditions of release.

Because Hollie has not explained why the interests of justice favor hearing his petition, the postconviction court did not err in concluding that Hollie failed to "assert any sufficient reason why [it] is in the interests of justice to hear his highly untimely petition." And because none of the other statutory exceptions apply to save Hollie's petition from operation of the time limitation, the postconviction court properly denied Hollie's petition as untimely.

When "direct appeal has once been taken," all issues raised in the appeal, and all issues "known but not raised, will not be considered [in] a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. In addition, issues "raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers v. State*, 731 N.W.2d 499, 501 (Minn. 2007). There are two exceptions to the *Knaffla* rule. First, a claim will not be barred if its novelty is so great that its legal basis was not reasonably available when direct appeal was taken. *Roby v. State*, 531 N.W.2d 482, 484

21

(Minn. 1995).  Second, even if the claim's legal basis was sufficiently available, substantive review may be allowed "when fairness so requires and when the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Russell v. State*, 562 N.W.2d 670, 672 (Minn. 1997) (quotation omitted).

Hollie failed to raise his current illegal-sentence claim in his direct appeal and in his first three postconviction petitions.  The postconviction court correctly concluded that Hollie's current claim is not novel such that the legal basis for the claim was not reasonably available at the time of his last postconviction petition.  And because Hollie was aware of his conditional-release term and registration requirements as of 2006, the postconviction court also correctly concluded that Hollie's failure to raise any related claim in his 2007 postconviction proceeding is inexcusable and that "inherent fairness" does not require review. In summary, the postconviction court did not abuse its discretion in denying Hollie's petition as procedurally barred under *Knaffla*.

**IT IS HEREBY ORDERED:**

The postconviction court's order is affirmed.

Pursuant to Minn. R. Civ. App. P. 136.01, subd. 1(b), this order opinion will not be published and shall not be cited as precedent except as law of the case, res judicata, or collateral estoppel.

Dated: April 1, 2011             **BY THE COURT**

<u>/s/</u>
Judge Michelle A. Larkin